IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DIAMONDS DIRECT USA, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> DIAMONDS DIRECT, INC., a Florida corporation, <br><br> Defendant. | Civil Action No. 8:17-cv-01324-VMC-CPT |

**MOTION TO SEAL EXHIBITS D, L, O, AND P TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 1.09, Plaintiff, Diamonds Direct USA, Inc. ("Plaintiff") files its Motion to Seal certain exhibits to Plaintiff's contemporaneously filed Motion for Summary Judgment ("MSJ"). Plaintiff seeks to seal Exhibits D, L, O, and P to its MSJ.

At the beginning of this litigation, the parties entered into a Confidentiality Agreement to facilitate the exchange of discovery information. That Agreement requires the parties seek judicial approval in accordance with L.R. 1.09 in order to file documents designated as Confidential or Confidential Attorneys-Eyes-Only under seal. The exhibits at issue for the present motion are discovery information designated by the parties as Confidential or Confidential, Attorneys-Eyes-Only. As such, Plaintiff must seek judicial permission to file these documents under seal. These exhibits are each important in deciding Plaintiff's MSJ. Plaintiff provides the below justification for sealing Exhibit D, and provides Defendant's position as to why Exhibits L, O, and P should be sealed.

1. Exhibit D – 30(b)(6) Deposition of Itay Berger

   a. Mr. Berger testified as to the operation of Plaintiff's business, including detailed testimony on Plaintiff's marketing strategies and techniques, which are proprietary business information belonging to Plaintiff and that Plaintiff does not share with others. Indeed, Plaintiff derives significant advantage from keeping this information secret from other parties. Plaintiff believes it is necessary to seal this deposition testimony so that the Court may consider the testimony, while still protecting Plaintiff's legitimate business interest in maintaining the confidentiality of its proprietary business information.

2. Exhibit L – 30(b)(6) Deposition of Gary Sanchez

   a. Defendant's position is that Exhibit L "includes confidential and proprietary business information and must be filed under seal. If your motion is denied, we are open to discussing appropriate redaction, if provided notice of such a request with sufficient time available before the deadline for filing."

3. Exhibit O – Deposition of Gary Sanchez

   a. Defendant's position is that Exhibit O "includes confidential and proprietary business information and must be filed under seal. If your motion is denied, we are open to discussing appropriate redaction, if provided notice of such a request with sufficient time available before the deadline for filing."

4. Exhibit P – DDFL 1203

   a. Defendant's position is that Exhibit P "displays proprietary business information regarding Defendant's client's web traffic throughout the

-3-

state of Florida and would provide an unfair business advantage to competitors if not filed under seal."

5. The proposed duration of the seal for each document is until further order of the Court.

| | |
|---|---|
| February 9, 2018 | */s/ Woodrow H Pollack*<br>Woodrow H. Pollack<br>Florida Bar No. 26802<br>Greenberg Traurig, LLP<br>101 E. Kennedy Blvd<br>Suite 1900<br>Tampa, FL 33602<br>(813) 318-5700<br>(813) 318-5900 (facsimile)<br>pollackw@gtlaw.com<br><br>Gregory W. Herbert<br>Florida Bar No. 111510<br>Greenberg Traurig, LLP<br>450 South Orange Avenue<br>Suite 650<br>Orlando, FL 32801<br>(407) 420-1000<br>(407) 841-1295 (facsimile)<br>herbertg@gtlaw.com<br><br>Jonathan D. Reichman<br>*Admitted pro hac vice*<br>Jessica Cohen-Nowak<br>*Admitted pro hac vice*<br>Andrews Kurth Kenyon LLP<br>One Broadway<br>New York, NY 10004<br>(212) 425-7200<br>(212) 425-5288 (facsimile)<br>jreichman@akklp.com<br>jcohen-nowak@andrewskurthkenyon.com<br><br>*Counsel for Plaintiff* |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on <u>February 9, 2018</u> a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            */s/ Woodrow H. Pollack*
                                            Woodrow H. Pollack