**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **DIAMONDS DIRECT USA, INC.,** | |
| **Plaintiff,** | **Case No.  8:17-cv-01324-VMC-TBM** |
| **v.** | **Judge Virginia M. Hernandez Covington** |
| **DIAMONDS DIRECT, INC.,** | |
| **Defendant.** | |

**MOTION TO SEAL EXHIBITS 2-6, 12 TO DEFENDANT'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S DISPOSITIVE
MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 1.09, Defendant Diamonds Direct, Inc. ("Defendant"), by and through

its undersigned counsel, files its Motion to Seal Exhibits 2-6 and Exhibit 12 to Defendant's

Response in Opposition to Plaintiff's Dispositive Motion for Summary Judgment.

Pursuant to the Confidentiality Agreement that Defendant and Plaintiff Diamonds Direct

USA, Inc. ("Plaintiff") entered into at the onset of this litigation, Defendant is required to seek

judicial approval in accordance with L.R. 1.09 in order to file documents under seal which are

designed as Confidential or Confidential, Attorneys'-Eyes-Only. As Exhibits 2-6 and Exhibit 12

are designated Confidential or Confidential, Attorneys'-Eyes-Only, Defendant hereby seeks

judicial permission to file the documents contained in said Exhibits under seal:

A. Exhibit 2 – Location of Defendant's Customers

    a. The document identified above is necessary for Defendant's Response in order to

       identify the location of some of Defendant's customers and provide the totality of

       the document produced for which Plaintiff produced only a portion of in its

Motion. The document identified above displays confidential and proprietary business information regarding the location of Defendant's customers, and would provide an unfair business advantage to competitors if not filed under seal.

B.  Exhibit 3 – Location and Sales History of Defendant's Customers

a.  The document identified above is necessary for Defendant's Response in order to identify the location and sales history of some of Defendant's customers. The document identified above displays confidential and proprietary business information regarding the location of Defendant's customers, and would provide an unfair business advantage to competitors if not filed under seal.

C.  Exhibit 4 – Location and Sales History of Defendant's Customers

a.  The document identified above is necessary for Defendant's Response in order to identify the location and sales history of some of Defendant's customers. The document identified above displays confidential and proprietary business information regarding the location of Defendant's customers, and would provide an unfair business advantage to competitors if not filed under seal.

D.  Exhibit 5 – Defendant's Web Traffic

a.  The document identified above is necessary for Defendant's Response in order to identify Defendant's website traffic and provide the totality of the document produced for which Plaintiff produced only a portion of in its Motion. The document identified above displays proprietary business information regarding Defendant's client's web traffic throughout the state of Florida, and would provide an unfair business advantage to competitors if not filed under seal.

E.  Exhibit 6 – Location of Defendant's Customers

    a.   The document identified above is necessary for Defendant's Response in order to identify the location of some of Defendant's customers. The document identified above displays confidential and proprietary business information regarding the location of Defendant's customers, and would provide an unfair business advantage to competitors if not filed under seal.

F.   Exhibit 12 – Defendant's Legal Zoom Trademark Search Report

    a.   The document identified above is necessary for Defendant's Response in order to show Defendant's business relationship with Legal Zoom and provide the totality of the document produced for which Plaintiff produced only a portion of in its Motion. The document identified above contains privileged information between Legal Zoom, previously acting as Defendant's counsel, and Defendant, and would violate said privilege if not filed under seal.

Wherein the proposed duration of the seal for each document is until further order of the Court.

### DEFENDANT'S NOTICE OF 3.01(g) CERTIFICATION IN CONNECTION WITH ITS MOTION TO SEAL EXHIBITS 2-6, 12

Pursuant to L.R. 3.10(g), counsel for Defendant conferred with counsel for Plaintiff, who has no objection to Defendant's Motion to Seal Exhibits 2-6, 12 to its Response in Opposition to Plaintiff's Dispositive Motion for Summary Judgment.

Dated: March 12, 2018

                                         Respectfully Submitted,

                                         /s/ Brittany J. Maxey-Fisher
Brittany J. Maxey-Fisher, Esquire (Fla. Bar No. 44586)
William R. Brees, Esquire (Fla. Bar No. 98886)
MAXEY-FISHER, PLLC
100 Second Avenue South, Suite 401 North
St. Petersburg, Florida 33701
Telephone: (727) 230-4949
Facsimile: (727) 230-4827
Email:  lpg@maxeyfisher.com
           wbrees@maxeyfisher.com
           bmaxeyfisher@maxeyfisher.com

*Counsel for Defendant Diamonds Direct, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2018, a true and correct copy of the

foregoing has been filed electronically with the Clerk of the Court using the CM/ECF filing

system, which will send a notice of electronic filing to all counsel of record.

                                         /s/ Brittany J. Maxey-Fisher
Brittany J. Maxey-Fisher, Esquire
William R. Brees, Esquire
MAXEY-FISHER, PLLC
100 Second Avenue South, Suite 401 North
St. Petersburg, Florida 33701
Telephone: (727) 230-4949
Facsimile: (727) 230-4827
Email:  lpg@maxeyfisher.com
           wbrees@maxeyfisher.com
           bmaxeyfisher@maxeyfisher.com

*Counsel for Defendant Diamonds Direct, Inc.*