IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DIAMONDS DIRECT USA, INC., <br> a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> DIAMONDS DIRECT, INC., <br> a Florida corporation, <br><br> Defendant. | Civil Action No. 8:17-cv-01324-VMC-CPT |

**PLAINTIFF'S MOTION TO SEAL ITS REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 1.09, Plaintiff, Diamonds Direct USA, Inc. ("Plaintiff") seeks leave to file under seal an unredacted version of Plaintiff's Reply Brief in Support of Motion for Summary Judgment. Specifically, the redacted table in Plaintiff's Reply in Support of Motion for Summary Judgment [Dkt. 49] includes Defendant's customer counts as calculated from Defendant's Sealed Exhibits 2, 3, 4, and 6 to its Response to Motion for Summary Judgment [Dkt. 43].

At the beginning of this litigation, the parties entered into a Confidentiality Agreement to facilitate the exchange of discovery information. That Agreement requires the parties seek judicial approval in accordance with L.R. 1.09 in order to file documents and/or information designated as Confidential or Confidential Attorneys-Eyes-Only under seal. The table at issue for the present reply is discovery information designated by Defendant as Confidential or Confidential, Attorneys-Eyes-Only. As such, Plaintiff must seek judicial permission to file this

information under seal.  Plaintiff belies this information is important for the Court to consider in deciding Plaintiff's Motion.  The Court has already accepted Defendant's exhibits under seal.  Plaintiff provides Defendant's position as to why the table should be sealed: "Defendant believes that the data in the chart … should be filed under seal, based on the same reasoning applied to underlying documents from which the data is taken.  The information is confidential and proprietary, and disclosure of the information to the public could put the Defendant at a competitive disadvantage or otherwise invade Defendant's legitimate business interests."

The proposed duration of the seal for this document is until further order of the Court.

### 3.01(g) CERTIFICATION

Pursuant to L.R. 3.10(g), counsel for Plaintiff conferred with counsel for Defendant, who has no objection to Plaintiff's Motion to Seal.

March 30, 2018

/s/ Woodrow H Pollack
Woodrow H. Pollack
Florida Bar No. 26802
Greenberg Traurig, LLP
101 E. Kennedy Blvd
Suite 1900
Tampa, FL 33602
(813) 318-5700
(813) 318-5900 (facsimile)
pollackw@gtlaw.com

Gregory W. Herbert
Florida Bar No. 111510
Greenberg Traurig, LLP
450 South Orange Avenue
Suite 650
Orlando, FL 32801
(407) 420-1000
(407) 841-1295 (facsimile)
herbertg@gtlaw.com

Jonathan D. Reichman
*Admitted pro hac vice*
Jessica Cohen-Nowak

*Admitted pro hac vice*
Andrews Kurth Kenyon LLP
One Broadway
New York, NY 10004
(212) 425-7200
(212) 425-5288 (facsimile)
jreichman@akklp.com
jcohen-nowak@andrewskurthkenyon.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 30, 2018 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack