# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| **DIAMONDS DIRECT USA, INC.,** | |
| **Plaintiff,** | **Case No.  8:17-cv-01324-VMC-TBM** |
| **v.** | **Judge Virginia M. Hernandez Covington** |
| **DIAMONDS DIRECT, INC.,** | |
| **Defendant.** | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE A DEPOSITION, REQUIRE DEFENDANT TO PAY FOR THIS DEPOSITION PURSUANT TO FED. R. CIV. P. 37, AND EXTEND THE DEADLINE FOR PLAINTIFF TO POTENTIALLY PURSUE A MOTION IN LIMINE RELATING TO DEFENDANT'S DELINQUENT DISCOVERY

Pursuant to Local Rule 3.01(b), Defendant Diamonds Direct, Inc. ("Defendant"), by and through its undersigned counsel, hereby responds in opposition to the Motion for Leave to Take a Deposition, Require Defendant to Pay for This Deposition Pursuant to Fed. R. Civ. P. 37, and Extend the Deadline for Plaintiff to Potentially Pursue a Motion In Limine Relating to Defendant's Delinquent Discovery ("Motion") filed by Plaintiff Diamonds Direct USA, Inc. ("Plaintiff"), and requests that this Court deny Plaintiff's Motion in its entirety because Defendant has met its burden of substantially justifying its supplementation in light of Federal Rule of Civil Procedure 26(e)(1)(A) and the stipulations made in the Case Management Report regarding supplementation. [DKT 14 at IV(C)(5)]:

## SUMMARY OF ARGUMENT

Under Federal Rule of Civil Procedure 26(e), Defendant has a duty to supplement or correct its disclosures if it learns that a material aspect of the disclosure is incomplete or

incorrect. This duty extends beyond the Discovery Period. Pursuant to the Case Management Report, which was mutually agreed upon between the parties, Defendant must supplement within twenty (20) days of learning of the mistake, or in any scenario, five (5) days before trial. Defendant learned on March 21, 2018 that a small fraction of the zip codes associated with particular customers were incorrect. Each error was traced to one of four (4) reasons: (1) no zip code being entered at all, (2) incomplete zip code entered, (3) incorrect zip code entered due to typographical error, or (4) the zip code for that region had changed from the time period the data was collected (i.e. Bradenton, Florida recently changed from 34209 to 34710). Defendant explained these corrections to Plaintiff as evidenced in the letters between counsel, including spreadsheets listing each correction and the reason for the correction, both of which were attached as Exhibits to Plaintiff's Motion.

Defendant's supplementation was completed in accordance with Fed. R. Civ. P. 26(e) and was served timely in accordance with the timeline agreed between the parties in the Case Management Report. Even if the supplementation were to be found incorrect under Fed. R. Civ. P. 26(e), the disclosure is substantially justified, which precludes Plaintiff from Fed. R. Civ. P. 37(c)(1) sanctions. Defendant acted in good faith in accordance with its readings of Fed. R. Civ. P. 26(e) and the Case Management Report. Defendant respectfully requests that in light of the forgoing, this Court deny this Motion in whole.

## **INTRODUCTION**

Defendant has used the DIAMONDS DIRECT word mark since 1996. Defendant has advertised to and has customers from geographic regions throughout the entire state of Florida. Through its statewide use, Defendant has obtained substantial common law rights. Defendant's statewide common law rights are further protected through its Florida State Trademark for the

DIAMONDS DIRECT word mark. Plaintiff has repeatedly mis-stated Defendant's position as relying on its Florida State Trademark to expand the geographic scope of its common law rights; however, Defendant's position is that it has statewide common law rights that are further protected by its Florida State Trademark.

Plaintiff owns a chain of fifteen (15) jewelry stores, one of which is located in Jacksonville and branded under the mark Global Diamonds. Plaintiff purchased this location as part of its recent expansion, marking the first time Plaintiff became engaged in Florida. Because there were no prior advertisements in Florida, Plaintiff had no common law rights predating Defendant's.

In Plaintiff's attempt to impose its trademark rights in Florida and rebrand the Jacksonville store under the DIAMONDS DIRECT brand, it filed a declaratory judgement action against Defendant. Plaintiff makes multiple unfounded claims in its Motion, that Defendant has tried to cause delay and interfere with Plaintiff's business and its ability to rebrand the Jacksonville store. Because of the nature of the declaratory judgement action—the Plaintiff is asking this Court to make a ruling—it is hard to claim Defendant has done such. Plaintiff also amended its Complaint to ensure the action continued, after Defendant filed its Motion to Dismiss. Additionally, both parties agreed to the longest possible Discovery Period permitted for a Track II case, rather than the aggressive discovery and trial schedule described in Plaintiff's Motion. [DKT 56 at 3-4].

Plaintiff repeatedly cites its arguments and implication in its Motion for Summary Judgement as fact, as well as claiming that Defendant's discovery responses corroborate said arguments, but this is not true, nor is it Defendant's position as Plaintiff suggests. *Id*. In particular, Plaintiff is accusing this supplementation as having been sparked from the briefing of

3

the Motion for Summary Judgement, which is incorrect. Defendant served its initial responses and objections to discovery requests propounded by Plaintiff, and subsequently supplemented as needed until the close of discovery. It was at this point that Plaintiff filed its Motion for Summary Judgement and Defendant filed the Response in Opposition. Both parties relied upon the same set of data in drafting that Motion and its Response in Opposition.

On March 21, 2018, Defendant obtained the ability to show, in one report, data that was previously produced in multiple reports. Because this report was responsive to a discovery request, a supplemental response to Plaintiff's First Set of Requests for Production was produced, specifically, the 8th Supplemental Response. A review of the 8th Supplemental Response led to the determination that a small fraction of the customer numbers were incorrect and would therefore require correction under Fed. R. Civ. P. 26(e)(1)(A). Defendant's customer data in the Edge System is stored in one of two customer lists; the active customer list for customers who have purchased goods or services from Defendant and have not been classified as inactive, and the inactive customer list for customers who have not made a purchase for a period of time and have been identified as inactive by Defendant. Sanchez Declaration ¶¶4-5. The corrections were related to only 52 of the 15,200 customer numbers included in the reports for the time period of 1996-2016, which were produced in the 8th Supplemental Response. For the remaining 15,148 customer numbers, no correction was required.

Plaintiff incorrectly states in its Motion:

> Further, the newly produced discovery contradicts the discovery Defendant timely produced. For example, Defendant's prior discovery indicated that a single customer, who purportedly lives in Jacksonville, purchased, at most, $325.00 worth of jewelry in a single transaction, but the delinquent discovery now indicates a higher sales figure for that customer.

[DKT 56 at 5]. Plaintiff states that the supplemental data showed an increase in sales by a single

4

customer, who had a single purchase, from zip code 32223. However, the proper interpretation of the correction is that the sales for customer number 001-04189 was previously reported under zip code 99999, but based on the full street address for this customer has a correct zip code of 32223. The sales for customer 001-04189 are in addition to any other sales that were previously reported under that zip code. This is a demonstration that Defendant was merely fulfilling its duty to supplement production if incorrect disclosures are found. This duty extends beyond the discovery period.

Defendant notes that less sales are included in the data included in the 8th Supplemental Response due to sales of items with a UPC code instead of a SKU code inadvertently not being reported. However, the inclusion of less than all sales would not prejudice Plaintiff, as it does not improve the evidence of sales by Defendant, and in return does not improve Defendant's support for its common law rights.

Defendant has not prejudiced Plaintiff because the supplementation was timely, and the disclosure was made three (3) months prior to the trial date providing ample time to review the new data. The declaration of Danielle Sanchez attached as Exhibit A to this Response, which aligns with earlier communication between counsel, fully explains the differences between the earlier production and the 8th Supplemental Response. Accordingly, the request for a deposition for these purposes is rendered moot.

## DEFENDANT'S DISCOVERY RESPONSES WERE NOT DELINQUENT

Plaintiff is correct that the Case Management Order calls for the Discovery Period to end on January 26, 2018. [DKT 20 at 1]; [DKT 56 at 6]. Plaintiff neglects to acknowledge the duty to supplement and the timeline to do so that was agreed upon in the Case Management Report. [DKT 14 at IV(C)(5)]. Plaintiff, however, agrees with Defendant that this supplementation was

done to correct erroneous data from earlier productions. [DKT 56 at 6].

Plaintiff claims that at no point during discovery or during the briefing of the Motion for Summary Judgement did Defendant indicate that there may be issues with the data productions. [DKT 56 at 7]. That is not because Defendant held the disclosures back, but rather, Defendant simply did not know of the errors at that time. Once Defendant became aware of the errors, it promptly acted in order to properly supplement.

Defendant vehemently denies that it has only provided Plaintiff with vague and evasive explanations. For instance, Plaintiff claims that Defendant has not explained when the data sets were updated with the proper zip codes, why Defendant did this, what errors were corrected, or what the process was used for updating the data. [DKT 56 at 7]. Defendant has told Plaintiff multiple times that the errors were found after Defendant was able to produce a report showing the March 21, 2018, after Defendant obtained the ability, through the Edge System, to create a report displaying customer number, date, amount of sale, and the customer's residential zip code within the same document instead of the multiple documents produced during discovery. [DKT 56, Exhibit A and D]. Defendant has explained that the data was updated because the incorrect zip codes were discovered, and the documents used to update the information and its format were not available to Defendant at the time the data was initially produced. *Id*. Defendant told Plaintiff that the errors subject to correction were the zip codes that had been improperly entered. *Id*. Defendant told Plaintiff that the process used for updating the data were the spreadsheets produced as the 8th Supplemental Response that were not available to the Defendant before; namely, having all of the customer data in one document, shedding light to the incorrect zip codes. *Id*.

Each specific change was further documented and provided in a spreadsheet to Plaintiff.

[DKT 56, Exhibit D]. Plaintiff still tries to claim Defendant has not acted in good faith to provide explanations, despite the explanations it included as exhibits to its own Motion. Even Defendant's statement cited on page seven (7) of Plaintiff's Motion is described as vague, but it provides direct answers to many of Plaintiff's supposed unanswered questions.

Plaintiff claims that Defendant has ignored Plaintiff and provides the email thread as support. [DKT 56 at 8; and Exhibit C].Plaintiff conveniently omits an email response from Defendant sent four (4) minutes after the last email in the thread. Exhibit 2. This is also reflected in the Local Rule 3.01(g) Certification of Plaintiff's Motion. Plaintiff also attempts to mislead the Court by saying Defendant refused to produce the new data in the native format. [DKT 56 at 8]. This is completely false. Defendant produced the documents in .pdf format, just as both parties have produced all documents other than video and audio files. Plaintiff did not request these documents in native format. [DKT 56, Exhibits B & C].

Plaintiff also describes this "delay" as entirely Defendant's own making. [DKT 56 at 8]. Defendant could not produce documents that didn't exist or correct errors that were not known until March 21, 2018.

Lastly, Plaintiff, on page eight (8) of its Motion, provides a quote from a correspondence between the parties, made by Plaintiff, and claims that our common law rights are more narrow than expected and thus more favorable to Plaintiff. [DKT 56 at 8]. Plaintiff further says Defendant does not deny the analysis. *Id*. Both are false. Defendant denied the analysis, reasserted that it has superior common law rights, and that the data is largely the same (with the exception of the changes in spreadsheets attached to Exhibit D of Plaintiff's Motion) between the two production, all in Defendant's Response Letter, which is the Response Letter in which Plaintiff claims Defendant did not deny its analysis. [DKT 56, Exhibit D].

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiff alleges that Defendant has failed to provide information that is required under Federal Rule of Civil Procedure 26(a) and (e), and thus deprived Plaintiff the opportunity to explore the facts relating to what changes were made, how the changes were found, and why the changes were made. Further, Plaintiff alleges— operating under the assumption Defendant has failed to provide the information in the first place—that Defendant has not substantially justified said failure. First, the initial assertion fails because (A) Defendant has not failed to provide any disclosure required under Fed. R. Civ. P. 26(a), and (B) Defendant timely supplemented the additional corrective information not otherwise known to the parties under Fed. R. Civ. P. 26(e). Second, Plaintiff's assertion fails, even if an actual failure under Fed. R. Civ. P. 26(a) or (e) were found, because the failure has been substantially justified.

## I.   DEFENDANT DID NOT FAIL TO PROVIDE INFORMATION REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 26(A) OR 26(E).

In order for Defendant to have a burden to substantially justify failure to disclose, there must first be a failure to disclose under Fed. R. Civ. P. 26 (a) or (e). Fed. R. Civ. P. 37(c)(1). Defendant has not failed to disclose pursuant to Fed. R. Civ. P. 26 (a) or (e). First, Defendant has not withheld any Initial Disclosures, Expert Disclosures, or Pretrial Disclosures from Plaintiff. Second, Defendant has timely supplemented pursuant to its obligations outlined in Fed. R. Civ. P. 26 (e) and the Case Management Report. Accordingly, Defendant requests that this Court deny Plaintiff's Motion.

## A. DEFENDANT HAS PROVIDED THE INFORMATION REQUIRED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A).

There are three (3) types of disclosures under Fed. R. Civ. P. 26(a): (1) Initial Disclosures, (2) Expert Disclosures, and (3) Pretrial Disclosures. First, Defendant has made all Initial Disclosures required under Fed. R. Civ. P. 26(a). There have been no experts in the case at hand, so failure to make an Expert Disclosure is moot. Additionally, the time for Pretrial Disclosures is still running pursuant to Fed. R. Civ. P. 26(a)(3)(B).

Plaintiff alleges that the documents included in the 8th Supplemental Response were not timely produced pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), however, this is inaccurate. As noted above, Defendant produced the information in several different documents during the discovery period, produced additional documents when a new method of display for the report became available, and timely supplemented after learning that a small fraction of the information produced was incorrect. Because Defendant did not fail to produce data as required by Fed. R. Civ. P. 26(a), Defendant has not failed to make a disclosure pursuant to Fed. R. Civ. P. 26(a).

## B. DEFENDANT HAS SUPPLEMENTED THE INFORMATION AS REQUIRED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(E)

Fed. R. Civ. P. 26(e) provides,

"A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…."

Defendant has corrected a material disclosure by supplementing the data in a timely manner.

Accordingly, Defendant has not failed to provide information pursuant to Fed. R. Civ. P. 26(e).

First, the supplementation was timely. Defendant became aware of the incorrect zip codes on March 21, 2018. [DKT 56, Exhibt A]. Defendant subsequently supplemented the corrected data on April 10, 2018, which is within twenty (20) days of becoming aware. Pursuant to the Case Management Report, the parties must supplement within twenty (20) days of finding the error, or no later than five (5) days before trial. Defendant supplemented within twentyt (20) days, and thus the supplementation was timely.

Second, the data was material because it involved the zip codes of customer data. These zip codes relate to customer location, which is a major consideration in determining the common law rights at issue in this case. The zip codes were found to be incorrect, thus prompting the supplementation.

Lastly, the incorrect data was not known to the parties during discovery period or stated in writing. Defendant was unaware of these incorrect entries until it reviewed the reports generated on March 21, 2018. Defendant could not make Plaintiff aware of the errors prior to its own knowledge of the errors, which occurred after the close of the discovery period. The same reasons explain why it was not made in writing. Because it was not known to the parties during discovery, and was not otherwise stated in writing, supplementation is obligated by Defendant. Defendant made Plaintiff aware of the incorrect data in writing at the time of supplementation via Exhibit A to Plaintiff's Motion and the documents produced therewith.

Accordingly, because Defendant has sufficiently and properly fulfilled its obligation to timely supplement under Fed. R. Civ. P. 26(e) and the Case Management Report, Plaintiff is not entitled to sanctions pursuant to Fed. R. Civ. P. 37(c)(1).

**II.**   **EVEN IF A FAILURE IS FOUND, IT WAS SUBSTANTIALLY JUSTIFIED**

Plaintiff drafts its Motion under the assumption that Defendant has not met its burden of substantially justifying the supplementation; this is not the truth, nor the correct legal framework. Defendant substantially justified its supplemental disclosure because it was timely made pursuant to the Case Management Report and was made after noticing the incorrect information on a previous disclosure as required by Fed. R. Civ. P. 26(a) and (e).

It is correct that the burden of showing the failure as not substantially justified rests on the non-disclosing party. The sanctions are also not self-executing, as described by the Plaintiff. The Court has five factors to guide its determination of a failure to disclose being substantially justified: "(1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence." *Ellingsen v. Hartford Insurance Company of the Midwest*, 2016 WL 1367223 at *2 (M.D. Fla. April 6, 2016). This Court has wide discretion in determining what is considered substantially justified. *Id*.

Looking to the first factor, Plaintiff is not unfairly prejudiced or surprised by the disclosure. The disclosure was made three (3) months prior to trial, so Plaintiff will not be surprised at trial. The Case Management Report allows for supplementation up to 5 days before trial, for exactly this type of situation, where new information or errors are discovered. If this type of disclosure would be automatically prejudicial, the parties would not have agreed in the Case Management Report that such disclosures should be allowed. The expectation shown in Plaintiff's Motion, that all disclosures must be made within the Discovery Period, runs directly afoul with Defendant's obligation to supplement data that is found to be incorrect.

11

Turning to second factor, the opposing party's ability to cure the surprise, Defendant provided the corrective data, as well as the changes made, and reassures that no other Interrogatory or Deposition statement requires revision as result of the changes. In other words, the nature of the "surprise" has been well documented and reported to Plaintiff.

The third factor, the likelihood and extent of disruption to the trial, is a not at issue in this case. Plaintiff does not intend to move the trial term, so trial will not be disrupted. In addition, if the timeline for the ability to be heard under Fed. R. Civ. P. 37(c)(1) and subsequent Motion in Limine and Response thereto runs too close to trial, the relief sought by Plaintiff can be handled at trial.

Regarding the fourth factor, importance of the evidence, the supplemental production is not important to the ultimate determination of the case. It is for the most part a better manner of displaying information already produced. The only information that is changed, and that is material to the case, is the correction of the incorrect zip codes. However, this important data only accounts for 52 of 15,200 (or 0.3%) of Defendant's customer sales in Florida from 1996 to 2016.

As to the fifth factor, the offering party's explanation for its failure to timely disclose the evidence, Defendant's explanation is that the evidence did not exist during the discovery period and therefore could not be produced. Because the zip code data directly ties to location, the information needed correcting. The corrections were documented and subsequently provided to Plaintiff, along with the date that the incorrect data was noticed by Defendant.

Plaintiff cites *Mitchell v. Ford Motor Co.* when stating that the burden of showing the failure was substantially justified rests on the Defendant in this case. [DKT 56 at 10]. This case states, "'The burden of establishing that a failure to disclose was substantially justified or

harmless rests on the nondisclosing party.'" *Mitchell v. Ford Motor Co*., 318 Fed.Appx. 821, 824 (11th Cir. 2009)(quoting *Leathers v. Pfizer, Inc*., 233 F.R.D. 687, 697 (N.D.Ga.2006)); *Ellingsen v. Hartford Insurance Company of the Midwest*, 2016 WL 1367223 at *2 (M.D. Fla. April 6, 2016). It is also important to note that the *Mitchell v. Ford Motor Co.* case involved the failure to supplement papers relied upon in an expert testimony. Here, Plaintiff's only support that the disclosure was not substantially justified is that Defendant has not explained the differences in production, "other than vague comments that 'it was determined that zip codes were incorrect in the Edge database.'" [DKT 56 at 10].  This is directly contradicted by Exhibit A to Plaintiff's Motion and the spreadsheets providing detailed explanations for each correction, as shown in Exhibit D to Plaintiff's Motion. [DKT 56, Exhibit A and D]. In addition, determining that zip code data was incorrect as initially reported is certainly data worthy of supplementation, and each correction was documented in Exhibit D to Plaintiff's Motion. [DKT 56, Exhibit D]. Simply put, Defendant has explained the differences, as well as provided the time and manner in which the differences were discovered.

Plaintiff further misstates the nature of the sanctions, namely that they are self-executing. [DKT 56 at 9-10]. The self-executing nature of the sanctions are not once the failure to substantially justify has been met, but rather that the sanctions may be imposed without filing a motion. *Ellingsen v. Hartford Insurance Company of the Midwest*, 2016 WL 1367223 at *1 (M.D. Fla. April 6, 2016). "However, '[t]he evidentiary exclusion sanction is not necessarily 'automatic,' even in the absence of substantial justification and harmlessness, because Rule 37(c)(1) provides that a court may impose other appropriate sanctions '[i]n addition to or instead of this sanction.'" *Id* (quoting *Collins v. United States*, No. 3:08-CV-923-J-32JRK, 2010 WL 4643279, at *5, n.7 (M.D. Fla. Nov. 9, 2010) (quoting Fed. R. Civ. P. 37(c)(1)) (citing *Prieto v.*

*Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004)). Moreover, the sanction of exclusion is not

mandatory. *Schmonsees v. Care Medical Equipment, Inc.*, 2011 WL 4711887 at *1 (M.D. Fla.

Oct. 05, 2011).

A District Court Case in the Middle District of Florida provides the following guidance

for the Court in its discretion over what is substantially justified:

> "Even assuming that Defendants' disclosures contained in the Supplemental Notice were
> untimely, it appears that Defendants acted in good faith based on their reading of Rule
> 26(e)(2) and the applicable Case Management Order and Report (Docs. 19 & 21*). See
> Faalevao v. Mechem*, 2011 WL 1883804 at *3 (E.D.Cal. May 17, 2011) ("Sanctions [under
> Rule 37(c)(1)] are also not ordinarily applied where the defaulting party made a good-faith
> effort to comply."). Accordingly, even assuming that Defendants failed to timely disclose the
> additional materials reviewed by Dr. MacIntyre, such failure appears substantially justified."

*Schmonsees v. Care Medical Equipment, Inc.*, 2011 WL 4711887 at *1 (M.D. Fla. Oct. 05,

2011). This case explores untimely disclosures made in reference to an expert testimony. *Id*.

Failure to disclose an expert testimony is much more prejudicial to the opposing party than the

data corrected and supplemented by Defendant in the present case. Even still, in *Schmonsees v.

Care Medical Equipment, Inc.* the failure was substantially justified because the party acted in

good faith based upon its readings of Fed. R. Civ. P. 26(e) and the Case Management Report.

Here, Defendant produced the corrective information in accordance with Fed. R. Civ. P.

26(e), in good faith, within the timeline agreed upon in the Case Management Report, which thus

is timely. [DKT 14 at IV(C)(5)]. If the failure to timely produce expert testimony can be

substantially justified for the forgoing reasons, then certainly a timely supplementation of

corrective data is substantially justified.

For the foregoing, Defendant has substantially justified the supplementation because the

supplementation was done in accordance with Fed. R. Civ. P. 26(e) and, and thus should not be

subject to sanction under Fed. R. Civ. P. 37(c)(1).

## <u>CONCLUSION</u>

Because Plaintiff has wholly failed to substantiate Defendant's failure to provide

information, and further assuming arguendo, Defendant has shown this failure to be substantially

justified, Plaintiff's Motion seeking leave to conduct a deposition should be denied in its entirety.

Defendant requests the Court deny Plaintiff's Motion for Leave to Take a Deposition, Require

Defendant to Pay for This Deposition Pursuant to Fed. R. Civ. P. 37, and Extend the Deadline for

Plaintiff to Potentially Pursue a Motion In Limine Relating to Defendant's Delinquent

Discovery.


Dated: May 29, 2018

                                       Respectfully Submitted,

                                       /s/ Brittany J. Maxey-Fisher
                                       Brittany J. Maxey-Fisher, Esquire (Fla. Bar No. 44586)
                                       William R. Brees, Esquire (Fla. Bar No. 98886)
                                       MAXEY LAW OFFICES, PLLC
                                       100 Second Avenue South, Suite 401 North
                                       St. Petersburg, Florida 33701
                                       Telephone: (727) 230-4949
                                       Facsimile: (727) 230-4827
                                       Email:  lpg@maxeyiplaw.com
                                                w.brees@maxeyiplaw.com
                                                b.maxey@maxeyiplaw.com

                                       *Counsel for Defendant Diamonds Direct, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 29th day of May, 2018, a true and correct copy of the

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO

TAKE A DEPOSITION, REQUIRE DEFENDANT TO PAY FOR THIS DEPOSITION

PURSUANT TO FED. R. CIV. P. 37, AND EXTEND THE DEADLINE FOR PLAINTIFF TO

POTENTIALLY PURSUE A MOTION IN LIMINE RELATING TO DEFENDANT'S

DELINQUENT DISCOVERY has been filed electronically with the Clerk of the Court using the

CM/ECF filing system, which will send a notice of electronic filing to all counsel of record.

/s/ Brittany J. Maxey-Fisher
Brittany J. Maxey-Fisher, Esquire
William R. Brees, Esquire
MAXEY LAW OFFICES, PLLC
100 Second Avenue South, Suite 401 North
St. Petersburg, Florida 33701
Telephone: (727) 230-4949
Facsimile: (727) 230-4827
Email:  lpg@maxeyiplaw.com
           w.brees@maxeyiplaw.com
           b.maxey@maxeyiplaw.com

*Counsel for Defendant Diamonds Direct, Inc.*

16

Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **DIAMONDS DIRECT USA, INC.,** | |
| **Plaintiff,** | **Case No.  8:17-cv-01324-VMC-TBM** |
| **v.** | **Judge Virginia M. Hernandez Covington** |
| **DIAMONDS DIRECT, INC.,** | |
| **Defendant.** | |

**DECLARATION OF DANIELLE SANCHEZ IN SUPPORT OF
DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO TAKE A DEPOSITION, REQUIRE
DEFENDANT TO PAY FOR THIS DEPOSITION PURSUANT TO
FED. R. CIV. P. 37, AND EXTEND THE DEADLINE FOR
PLAINTIFF TO POTENTIALLY PURSUE A MOTION IN LIMINE
RELATING TO DEFENDANT'S DELINQUENT DISCOVERY**

I, Danielle Sanchez, declare as follows:

1.      I have personal knowledge of the facts set forth in this Declaration. I am over eighteen years old and am competent to testify to the items in this Declaration.

2.      I am the Chief Brand Officer of Diamonds Direct, Inc. ("DDFL").

3.      I am familiar with DDFL's point of sale system (the "Edge System") where information regarding DDFL's customers and sales are stored.

4.      DDFL has an active customer list in the Edge System for customers who have purchased goods or services from DDFL and have not been classified as inactive.

5.      Customers who have not made a purchase for a period of time may be identified as inactive by DDFL and moved to an inactive customer list in the Edge System.

1

6.     The active customer list and inactive customer list are separate databases with the Edge Sytem.

7.     During the discovery period, the Edge System was unable to report data from the active customer list and the inactive customer list in a single report. A subsequent update to the Edge System software currently allows for such a combined report.

8.     I have reviewed and am familiar with reports of the active customer list and the inactive customer list produced by DDFL in this case.

9.     The earliest reports produced by DDFL on September 30, 2017, included an identifying number for each customer (the "Customer Number") together with the city and state listed for each customer.

10.    The reports produced after September 30, 2017 and before March 21, 2018, included the data organized by location, namely zip code and included the amount of sales to that zip code, but did not include the customer number, date of sale, and other data related to individual sales.

11.    Prior to March 21, 2018, DDFL was not aware of any  zip codes incorrectly entered in the Edge System for any particular customer number. DDFL's prior understanding of the incorrect zip codes was that the incorrect zip codes were entered for sales that were not tied to a customer number for which address information was available.

12.    Prior to March 21, 2018, DDFL did not have the capability to produce a report from the Edge System displaying customer number, date, amount of sale, and the customer's residential zip code within the same document.

13. Prior to March 21, 2018, DDFL was unable to create the reports produced in the 8th Supplemental Response to First Set of Requests for Production of Documents ("8th Supplemental Response").

14. On March 21, 2018, DD-FL achieved the capability to produce the data in the form provided in the 8th Supplemental Response.

15. In reviewing reports that included the full city, state, and zip code for each customer number, after they were prepared on March 21, 2018, DDFL learned that some customer numbers were associated with incorrect zip codes.

16. The nature of the incorrect zip code data was one of 4 errors: (1) no zip code being entered at all, (2) an incomplete zip code entered, (3) an incorrect zip code entered due to typographical error, or (4) the zip code for that region had changed over the time period the data was collected (i.e. Bradenton, Florida recently changed from 34209 to 34710).

17. Because the reports made prior to March 21, 2018 were made by zip code alone, DDFL became aware that reports made prior to March 21, 2018 would require correction for sales associated with incorrect zip codes.

18. DDFL included the corrected zip code data for any known incorrect zip code data in the 8th Supplemental Response.

19. The list below is a complete list of all incorrect zip code data known to DDFL for the active customer list:

| Customer # | Correct Zip Code | Zip Code in Edge System | Amount Spent | Reason for Correction |
|---|---|---|---|---|
| 001-01085 | 33781 | 33718 | $2,342.74 | Typographical error corrected for Pinellas Park, FL |
| 001-01298 | 33781 | 34646 | $12.84 | Old Zip Code for Seminole, FL converted to current zip code for Seminole, FL |
| 001-02380 | 33778 | 34648 | $94.11 | Old Zip Code for Seminole, FL converted to current zip code for Largo, FL |
| 001-03350 | 33573 | 33753 | $5,025.50 | Typographical error corrected for Ruskin, FL |
| 001-03702 | 34223 | 34225 | $481.50 | Typographical error corrected for Englewood, FL |

3

| | | | | |
|---|---|---|---|---|
| 001-03828 | 33781 | 34665 | $6,832.75 | Old Zip Code for Pinellas Park, FL converted to current zip code for Pinellas Park, FL |
| 001-04189 | 32223 | 99999 | $64,302.84 | Incorrect Zip Code for Jacksonville, FL |
| 001-04746 | 33715 | 37715 | $67.41 | Typographical error corrected for St. Petersburg, FL |
| 001-05364 | 33781 | 34665 | $22,463.68 | Old Zip Code for Pinellas Park, FL converted to current zip code for Pinellas Park, FL |
| 001-06927 | 34209 | 34710 | $83.46 | Old Zip Code for Bradenton, FL converted to current zip code for Bradenton, FL |
| 001-07080 | 34465 | 33456 | $104.81 | Typographical error corrected for Beverly Hills, FL |
| 001-07169 | 33760 | 34620 | $55.59 | Old Zip Code for Clearwater, FL converted to current zip code for Clearwater, FL |
| 001-07298 | 33760 | 34620 | $266.43 | Old Zip Code for Clearwater, FL converted to current zip code for Clearwater, FL |
| 001-07611 | 33715 | 28741 | $116.58 | Incorrect Zip Code for St. Petersburg, FL |
| 001-08050 | 34677 | 34627 | $144.41 | Incorrect Zip Code for Oldsmar, FL |
| 001-08192 | 33760 | 34622 | $12,245.88 | Old Zip Code for Clearwater, FL converted to current zip code for Clearwater, FL |
| 001-08284 | 33781 | 34665 | $1,140.12 | Old Zip Code for Pinellas Park, FL converted to current zip code for Pinellas Park, FL |
| 001-08355 | 34689 | 34589 | $854.93 | Typographical error corrected for Tarpon Springs, FL |
| 001-08422 | 33762 | 33726 | $384.40 | Typographical error corrected for Clearwater, FL |
| 001-08598 | 33715 | 30715 | $10.70 | Typographical error corrected for Tierra Verde, FL |
| 001-08828 | 33715 | 33717 | $48.05 | Typographical error corrected for St. Petersburg, FL |
| 001-09149 | 33705 | 33057 | $5.35 | Typographical error corrected for St. Petersburg, FL |
| 001-09272 | 33701 | 37011 | $26.75 | Typographical error corrected for St. Petersburg, FL |
| 001-10088 | 33547 | 35747 | $64.15 | Typographical error corrected for Lithia, FL |
| 001-1011998 | 33778 | 34648 | $80.89 | Old Zip Code for Seminole, FL converted to current zip code for Seminole, FL |
| 001-10356 | 33785 | 34635 | $26,352.61 | Incorrect Zip Code for Indian Rocks Beach, FL |
| 001-10500 | 33715 | 3715- | $213.95 | Typographical error corrected for St. Petersburg, FL |
| 001-11129 | 33715 | 99999 | $18,113.70 | Incorrect Zip Code for Tierra Verde, FL |
| 001-11998 | 33778 | 34648 | $2,044.71 | Old Zip Code for Seminole, FL converted to current zip code for Seminole, FL |
| 001-12118 | 33781 | 34666 | $167.72 | Old Zip Code for Pinellas Park, FL converted to current zip code for Pinellas Park, FL |
| 001-12902 | 33711 | 3711. | $257.87 | Typographical error corrected for St. Petersburg, FL |
| 001-13094 | 33579 | 33659 | $8,381.11 | Incorrect Zip Code for Riverview, FL |
| 001-13097 | 33772 | 34642 | $31.03 | Old Zip Code for Seminole, FL converted to current zip code for Seminole, FL |
| 001-13118 | 33781 | 34665 | $4,274.65 | Old Zip Code for Pinellas Park, FL converted to current zip code for Pinellas Park, FL |
| 001-13782 | 34639 | 34369 | $181.95 | Typographical error corrected for Land O Lakes, FL |
| 001-15294 | 34240 | | $21.40 | No Zip Code Entered for Sarasota Address |
| 001-15310 | 33701 | 00000 | $3.21 | Incorrect Zip Code for St. Petersburg, FL |
| 001-15955 | 33701 | 00000 | $85.60 | Incorrect Zip Code for St. Petersburg, FL |
| 001-17050 | 33614 | | $58.85 | No Zip Code Entered for Tampa Address |
| 001-21431 | 33711 | 3711 | $16.05 | Incorrect Zip Code for St. Petersburg, FL |
| 001-22658 | 33614 | | $3,766.40 | No Zip Code Entered for Tampa Address |
| 001-24200 | 33712 | 3371 | $200.00 | Typographical error corrected for St. Petersburg, FL |
| 001-25206 | 33701 | 33701` | $457.96 | Typographical error corrected for St. Petersburg, FL |

20.     The list below is a complete list of all incorrect zip code data known to DDFL for the inactive customer list:

| Customer # | Correct Zip Code | Zip Code in Edge System | Amount Spent | Reason for Correction |
|---|---|---|---|---|
| 001-11129 | 33715 | 99999 | $18,113.70 | Incorrect Zip Code for Tierra Verde, FL |
| 001-12118 | 33782 | 34666 | $167.72 | Incorrect Zip Code for Pinellas Park, FL |
| 001-19460 | 33712 | | $16.05 | No Zip Code for St. Petersburg, FL address |
| 001-21234 | 33715 | | $556.40 | No Zip Code for Tierra Verde FL address |
| 001-21347 | 33715 | | $128.40 | No Zip Code for St. Petersburg, FL address |
| 001-22665 | 33710 | | $119.84 | No Zip Code for St. Petersburg, FL address |
| 001-22842 | 34212 | | $171.20 | No Zip Code for Bradenton, FL address |
| 001-23284 | 33781 | | $74.90 | No Zip Code for Pinellas Park, FL address |
| 001-23512 | 33706 | | $203.25 | No Zip Code for St. Pete Beach, FL address |

21.     DDFL served the 8th Supplemental Response within twenty days of becoming aware of the incorrect zip code data.

22.     DDFL served the 8th Supplemental Response within twenty days of obtaining the ability to create a report displaying customer number, date, amount of sale, and the customer's residential zip code within the same document.

23.     Upon review of the information reported in the 8th Supplemental Response DDFL has determined that it does not include data related to sales of products bearing a customer UPC code.

24.     The data related to sales of products bearing a UPC code instead of an SKU code are stored within a separate portion of the Edge System and must be selected to be added to a report.

25.     The data related to sales of products bearing a UPC code instead of an SKU code were inadvertently not selected to be added to a report.

26.     The data included in the 8th Supplemental Response is correctly reported to the best of my knowledge.

27.     The data included in the earlier reports are correctly reported to the best of my knowledge, other than the zip code information noted above in paragraphs 19 and 20.

5

28.     No aspect of the production of information from DDFL was done to deceive Plaintiff.

29.     No aspect of the production of information was prompted by the Plaintiff's Motion for Summary Judgement.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on May 29, 2018 in St. Petersburg, Florida.

Danielle Sanchez

Exhibit 2

# Re: DDUSA v DDFL - Letter re discovery sanctions

William Brees

Thu 5/10/2018 3:33 PM

To: Woodrow "Woody" H. Pollack <WPollack@shutts.com>;

Cc: jreichman@akkllp.com <JReichman@andrewskurthkenyon.com>; Herbert, Gregory W. (Shld-Orl-LT-IP) <HERBERTG@gtlaw.com>;
'castrop@gtlaw.com' <castrop@gtlaw.com>; Alexandra Taylor <ataylor@maxeyfisher.com>; John Beyer <jbeyer@maxeyfisher.com>;
filecopy <filecopy@maxeyfisher.com>; Patrick Davis <pdavis@maxeyfisher.com>; Brittany Maxey-Fisher
<bmaxeyfisher@maxeyfisher.com>;

Woody,

You can note in your 3.01 statement that we oppose your request.

Best Regards,

Bill

*William R. Brees*
Senior Intellectual Property Attorney
wbrees@maxeyfisher.com


Maxey-Fisher, PLLC

| **The City Center** | **Palm Tower** |
|---|---|
| 100 Second Avenue South | 1343 Main Street |
| Suite 401 North | Suite 412 |
| St. Petersburg, Florida 33701 | Sarasota, Florida 34236 |
| (t): 727-230-4949 | (t): 941-256-0398 |
| (f): 727-230-4827 | (f): 727-230-4827 |

www.maxeyfisher.com

CONFIDENTIALITY NOTE:  The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the
individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in
error and then delete it. Thank you.

**From:** Woodrow "Woody" H. Pollack <WPollack@shutts.com>
**Sent:** Thursday, May 10, 2018 3:28 PM
**To:** William Brees
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); 'castrop@gtlaw.com'; Alexandra Taylor; John Beyer;
filecopy; Patrick Davis; Brittany Maxey-Fisher
**Subject:** RE: DDUSA v DDFL - Letter re discovery sanctions

I did not receive a response to my voicemail or this email.  Given the short time window we have, I will pursue a motion for leave to take the deposition, request that Defendant pay those fees (and any other sanction the Court feels appropriate), and request that our deadline to seek to exclude this delinquent discovery be extended until after we have been able to conduct the deposition and learn why it was so late.  I will note in my 3.01(g) certificate that I have not received a response to my voice message or emails.

Thanks,

---

**From:** Woodrow "Woody" H. Pollack
**Sent:** Wednesday, May 09, 2018 4:31 PM
**To:** 'William Brees'
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); 'castrop@gtlaw.com'; Alexandra Taylor; John Beyer; filecopy; Patrick Davis; Brittany Maxey-Fisher
**Subject:** RE: DDUSA v DDFL - Letter re discovery sanctions

Left you a vm.  We think the best way to get this resolved is for us to depose defendant (no more than 4 hours) so that we can understand the changes, how they were made, what steps, etc.   Given the delinquency in the production, we believe Defendant should pay for this deposition, including our preparation time and time to take the deposition, as well as the costs of the deposition itself.  (I will take the deposition so there will not be travel costs.)  Please advise your position on this by 3pm tomorrow.

Thanks,

---

**From:** William Brees [mailto:wbrees@maxeyfisher.com]
**Sent:** Wednesday, May 09, 2018 1:57 PM
**To:** Woodrow "Woody" H. Pollack
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); 'castrop@gtlaw.com'; Alexandra Taylor; John Beyer; filecopy; Patrick Davis; Brittany Maxey-Fisher
**Subject:** Re: DDUSA v DDFL - Letter re discovery sanctions

Hello Woody,

I apologize if this is a duplicate, but I received an error the first time I responded.

We have reviewed the Interrogatory Responses and Deposition transcripts and are not aware of any responses that require correction or amendment based upon the zip code corrections detailed in the May 3 letter.
Brittany and I are available for a call after 3:00 this afternoon.

Best Regards,

Bill

*William Brees*
Senior Intellectual Property Attorney
wbrees@maxeyfisher.com



**Maxey-Fisher, PLLC**
The City Center

100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701

(t) 727-230-4949
(f) 727-230-4827
www.maxeyfisher.com

CONFIDENTIALITY NOTE:  The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** William Brees
**Sent:** Wednesday, May 9, 2018 1:27 PM
**To:** Woodrow "Woody" H. Pollack; Brittany Maxey-Fisher
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); 'castrop@gtlaw.com'; Alexandra Taylor; John Beyer; filecopy; Patrick Davis
**Subject:** Re: DDUSA v DDFL - Letter re discovery sanctions

Hello Woody,

We have reviewed the Interrogatory Responses and Deposition transcripts and are not aware of any responses that require correction or amendment based upon the zip code corrections detailed in the May 3 letter.
Brittany and I are available for a call after 3:00 this afternoon.

Best Regards,

Bill

*William Brees*
Senior Intellectual Property Attorney
wbrees@maxeyfisher.com



**Maxey-Fisher, PLLC**
The City Center
100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701

(t) 727-230-4949
(f) 727-230-4827
www.maxeyfisher.com

CONFIDENTIALITY NOTE:  The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Woodrow "Woody" H. Pollack <IMCEAEX-_O=SBMAIL_OU=EXCHANGE+20ADMINISTRATIVE+20GROUP+20+28FYDIBOHF23SPDLT+29_CN=RECIPIENTS_CN=WOODROW+20+22WOODY+22+20H+2E+20POLLACK@shutts.com>
**Sent:** Wednesday, May 9, 2018 11:36 AM
**To:** Brittany Maxey-Fisher
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); 'castrop@gtlaw.com'; Alexandra Taylor; John Beyer; filecopy; William Brees
**Subject:** RE: DDUSA v DDFL - Letter re discovery sanctions

Please let me have your response today.  We only requested a 1-week extension of time to pursue our MIL if needed.  Please let me know your availability for a call today or tomorrow as well.

---

**From:** Woodrow "Woody" H. Pollack
**Sent:** Monday, May 07, 2018 2:54 PM
**To:** 'Brittany Maxey-Fisher'
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); castrop@gtlaw.com; Alexandra Taylor; John Beyer; filecopy; William Brees
**Subject:** RE: DDUSA v DDFL - Letter re discovery sanctions

Thank you.  When will you respond as to whether any discovery responses require change?

---

**From:** Brittany Maxey-Fisher [mailto:bmaxeyfisher@maxeyfisher.com]
**Sent:** Monday, May 07, 2018 10:37 AM
**To:** Woodrow "Woody" H. Pollack
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); castrop@gtlaw.com; Alexandra Taylor; John Beyer; filecopy; William Brees
**Subject:** Re: DDUSA v DDFL - Letter re discovery sanctions
**Importance:** High

Dear Woody,

Thank you for your email as we are in receipt. We do not oppose your request to extend the deadline by 1 week for Plaintiff to file a motion in limine.

Best Regards,

Brittany J. Maxey-Fisher
Patent Attorney
bmaxeyfisher@maxeyfisher.com



Maxey-Fisher, PLLC

The City Center
100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701
www.maxeyfisher.com

(t) 727-230-4949
(f) 727-230-4827

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Woodrow "Woody" H. Pollack <WPollack@shutts.com>
**Sent:** Sunday, May 6, 2018 12:09 PM
**To:** William Brees
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); castrop@gtlaw.com; Brittany Maxey-Fisher; Alexandra Taylor; John Beyer; filecopy
**Subject:** RE: DDUSA v DDFL - Letter re discovery sanctions

Brittany/Bill,
Your letter does not respond to the below request:
"We demand you specifically identify all such facts or information that you now realize is erroneous, inaccurate or misleading, and provide complete and thorough corrections and clarifications of any such erroneous information previously provided to Plaintiff in the course of discovery. In particular, we demand that you confirm, in writing, whether there are any interrogatory responses, document production responses or responsive documents, or deposition testimony that you now believe to be false, or in any way inaccurate, incomplete or misleading."
We are still considering whether to file a motion in limine to exclude your delinquent discovery production, but we need to finish this meet and confer process with you to put a proper record in front of the court. We will be filing a motion to extend the deadline by 1 week for Plaintiff to file a motion in limine directed to your 8th supplemental responses to our first requests for production. Please let me know by 11:00am tomorrow (monday) whether you oppose our request for that 1-week extension.

---

**From:** William Brees [wbrees@maxeyfisher.com]
**Sent:** Thursday, May 3, 2018 10:34 PM
**To:** Woodrow "Woody" H. Pollack
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); castrop@gtlaw.com; Brittany Maxey-Fisher; Alexandra Taylor; John Beyer; filecopy
**Subject:** Re: DDUSA v DDFL - Letter re discovery sanctions

Good Evening Woody,

Please find attached correspondence from Brittany Maxey-Fisher.

Best Regards,

Bill

*William Brees*
Senior Intellectual Property Attorney
wbrees@maxeyfisher.com



**Maxey-Fisher, PLLC**
The City Center
100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701

(t) 727-230-4949
(f) 727-230-4827
www.maxeyfisher.com

CONFIDENTIALITY NOTE:  The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Woodrow "Woody" H. Pollack <WPollack@shutts.com>
**Sent:** Wednesday, April 25, 2018 3:10 PM
**To:** Brittany Maxey-Fisher; William Brees; Alexandra Taylor
**Cc:** jreichman@akkllp.com; Herbert, Gregory W. (Shld-Orl-LT-IP); castrop@gtlaw.com
**Subject:** DDUSA v DDFL - Letter re discovery sanctions

Brittany, Bill, and Alexandra,

Please note I have moved to a new firm.  My contact information is below.  I will make an appropriate filing with the court to update my contact information there as well.  Please direct further correspondence to this email address, and please also copy Greg and Jon.

Please note the attached letter.

Thanks,



**Woodrow "Woody" H. Pollack**
*Partner, Board Certified Intellectual Property*

---

**Shutts & Bowen LLP**
4301 W. Boy Scout Boulevard, Suite 300 | Tampa, FL 33607
Direct: (813) 463-4894 | Fax: (813) 227-8234
E-Mail | Biography | V-Card | Website

**Please consider the environment before printing this email**